Merrimack, }
Dec. 4, 1902. }

## LOUDON v. MERRIMACK COUNTY.

A county is liable for medicine, medical attendance, and necessaries furnished by a town to paupers having no settlement therein, who were quarantined on account of contagious disease by order of the local board of health.

CLAIM, for aid to paupers. The claim is for medicine, medical attendance, and other necessaries furnished a person and his family, living in the plaintiff town, having no settlement there, and who for some time had been partially supported by the county. At the time such necessaries were furnished, a minor child was ill with diphtheria. The family were quarantined by order of the board of health, and the necessaries and medical treatment were ordered by that board, acting by order of the selectmen. Upon the agreement of the parties to the foregoing facts, the claim having been duly presented to the commissioners, judgment was ordered for the plaintiffs at the April term, 1902, of the superior court by *Peaslee*, J., and the defendants excepted.

*Martin & Howe*, for the plaintiffs.

*David F. Dudley*, solicitor, for the defendants.

PARSONS, C. J. The facts stated authorize a finding that the persons aided were poor and unable to support themselves. In that case it was the duty of the selectmen, as overseers of the poor, to relieve and maintain them (P. S., c. 84, s. 1); and, as they had no settlement in the town, the amount so expended would be a valid claim against the county. If the persons aided were paupers supported by the county, there was no occasion for their assistance by the board of health, under section 1, chapter 100, Laws 1899, and no ground upon which the board could deem such assistance "wise or necessary." The board of health did not in fact assume to act under the authority conferred by that section, but acted under the order of the selectmen. The provisions of chapter 100, Laws 1899, were not intended to relieve the county of the maintenance of persons otherwise paupers who became subject to quarantine. The purpose of the act was to provide that public aid to persons otherwise able to support themselves, which was made necessary only because of the quarantine against them, should not operate to impose either the stigma or the legal result of pauperism. Hence it was provided by section 2 of the act, that expenditures

for such purpose, made by the board of health under section 1, should be reckoned as an incidental expense for the protection of the public health, and not as made on any pauper account, and that such expenditure should not be construed to mean a public aid to the persons assisted unless such persons were already paupers. As from the facts stated it could properly be inferred that the subject-matter of the claim was aid to persons already paupers, there was no error in the order of judgment for the plaintiffs. As no claim is made for the expense of the establishment and maintenance of a " quarantine station," no question arises as to the provisions of chapter 30, Laws 1893, in relation thereto.

*Exception overruled.*

All concurred.